UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RAPHAEL MENDEZ, | Civil No. 12-1128 (ADM/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden B.R. JETT, Official Capacity, and FMC, ROCHESTER, MINNESOTA LEGAL MAIL ROOM et al., Individual Capacity, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on the application of the above-named Plaintiff, Raphel Mendez, for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is an inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). In 1991, he was found to be incompetent to stand trial on charges of assault with a deadly weapon and related offenses. He was later civilly committed pursuant to 18 U.S.C. § 4246, and he continues to be civilly committed at this time.[1]

---

[1] A more complete report of Plaintiff's background can be found at Mendez v. Bureau of Prisons, No. 08-4971 (JMR/RLE), (D.Minn. 2009), 2009 WL 3856925 at *1-2.

Because Plaintiff is currently detained by reason of a commitment order, rather than a criminal conviction, he is not considered to be a "prisoner" for purposes of the Prison Litigation Reform Act, ("PLRA"). 28 U.S.C. § 1915(h); Kolocotronis v. Morgan, 247 F.3d

During the course of Plaintiff's many years of confinement, he has been an active litigator in the federal courts. In this case, Plaintiff claims that he recently tried to file two documents in the Third and Fourth Circuit Courts of Appeals, but those documents were never filed, because they were wrongly intercepted by "the Legal Mail Room" at FMC-Rochester. Plaintiff is now attempting to sue "the Legal Mail Room," as well as the Warden at FMC-Rochester, (Warden B.R. Jett), for allegedly violating his federal constitutional rights.[2] He is seeking a judgment that would award him monetary damages, and cause him to be transferred "somewhere closer to North Carolina." (Complaint, [Docket No. 1], p. 7, "Request for Relief.")

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a pleading that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state a cause of action on which relief may be granted, a claimant must allege a set of specific historical facts, which, if proven true, would entitle the claimant to some redress against the defendant(s) under some cognizable legal theory. See Martin v.

---

726 (8th Cir. 2001). Therefore, if Plaintiff's IFP application were to be granted, he would not be required to pay the initial partial filing fee that "prisoners" normally must pay pursuant to 28 U.S.C. § 1915(b)(1).

[2] Plaintiff has not clearly identified the legal basis for his lawsuit, but it can reasonably be inferred that he is claiming Defendants somehow violated his constitutional right of access to the courts. See Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998) ("[a] prison policy that obstructs privileged inmate mail can violate inmates' right of access to the courts").

Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  "Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  The facts supporting a plaintiff's claims must be clearly set forth.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."  Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable civil rights claim, as Plaintiff is attempting to do here, a complainant must allege a set of specific historical facts showing that the named Defendant(s) personally violated the complainant's federal constitutional rights.  See Iqbal, 129 S.Ct. at 1948 (in a federal civil rights action, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

In this case, Plaintiff has failed to plead an actionable civil rights claim, because he has not alleged a set of facts showing that either of the two named Defendants personally violated his constitutional rights.  The only clearly identifiable Defendant in this case is Warden B.R. Jett.  However, Plaintiff has not alleged that Defendant Jett was personally involved in any alleged interference with his legal mail.  Indeed, Plaintiff's complaint does not describe any specific act or omission by Defendant Jett.

The Court further notes that Defendant Jett is being sued in his official capacity. (See Complaint, p. 1.)  Therefore, Plaintiff's claims against Defendant Jett must be viewed as claims brought against Jett's employer – the United States.  However, the United States

cannot be sued without its consent because of the doctrine of sovereign immunity, and the United States has not consented to be sued in civil rights actions such as this one. Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998); see also Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989) ("[i]t is well settled that the United States and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived"). For this additional reason, Plaintiff has failed to plead an actionable claim against Defendant Jett.[3]

Plaintiff is also attempting to sue a Defendant identified as "Legal Mail Room et al.," but that does not appear to be a cognizable legal entity that has the capacity to be sued as such. Furthermore, if "Legal Mail Room et al." were a suable entity, it would have to be viewed as an agency or instrumentality of the federal government, and as such it would be wholly immune from being sued in a civil rights action, under the doctrine of sovereign immunity. Schutterle v. United States, 74 F.3d 846, 848 (8th Cir.), cert. denied, 517 U.S. 1210 (1996); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983).

Lastly, as the Court has noted above, (see n. 2, supra), it appears that Plaintiff is attempting to claim that he has been deprived of his constitutional right of access to the courts. To sustain such a claim, however, Plaintiff would have to show some "actual injury"

---

[3] Plaintiff might arguably be able to sue Defendant Jett in his official capacity for purely prospective relief, (as opposed to damages), but he has not alleged any facts to support such a claim here. Indeed, as the Court has pointed out, Plaintiff's complaint does not describe any acts or omissions by Defendant Jett. Furthermore, the only prospective relief that Plaintiff has requested in this case is a transfer to another prison. However, the Court cannot envisage, (and Plaintiff has not explained), how such relief could be an appropriate remedy for a denial of access to the courts claim.

to his substantive legal rights, because of the alleged denial of access to the courts. Lewis v. Casey, 518 U.S. 343, 349 (1996) (a prisoner lacks standing to bring an access to the courts claim, unless he can show some "actual injury"). See also White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007) ("[t]o prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim").

Here, Plaintiff has failed to state an actionable claim for denial of access to the courts, because he has not identified any specific meritorious claim or defense that was lost as a direct result of the alleged interference with his legal mail. Therefore, Plaintiff's complaint does not satisfy the "actual injury" requirement prescribed by Lewis v. Casey. See Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam) (access-to-courts claim was properly dismissed where prisoner "offered no facts" showing that she was actually "prejudiced her in a legal case"). For this additional reason, the Court finds that Plaintiff has failed to plead an actionable claim for relief.[4]

---

[4] As an aside, the Court notes that Plaintiff's entire lawsuit appears to be based on an unsustainable factual predicate – namely, that he tried to send two documents to the Third and Fourth Circuit Courts of Appeals, but those documents were never received and filed. The first of those two documents is described as "a rehearing and rehearing en banc directed at the United States Court of Appeals for the Third Circuit File No. 12-1711." (Complaint, p. 6, "Statement of Claim," ¶ A.) However, the docket sheet for that appeal, (which is accessible to this Court by means of the CM/ECF record-keeping system maintained by the federal judiciary), shows that the Third Circuit Court of Appeals did receive Plaintiff's petition for rehearing. The second document that allegedly was not filed is described as "the same" document, (presumably meaning another rehearing petition), that Plaintiff attempted to file in the Fourth Circuit Court of Appeals in No. 12-1105. (Complaint, p. 7 "Statement of Claim," ¶ D.) However, the docket sheet for that appeal,

## III. CONCLUSION

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current pleading does not meet this standard. Plaintiff has failed to allege a set of facts showing that either named Defendant was personally responsible for any specific act or omission that deprived Plaintiff of any right guaranteed by the federal Constitution. Therefore, Plaintiff's complaint fails to state an any actionable civil rights claim. Because Plaintiff has failed to plead an actionable claim for relief, the Court will recommend that his pending IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: June 1, 2012

          s/ *Franklin L. Noel*
          FRANKLIN L. NOEL
          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 15, 2012**, written objections which specifically identify the portions of the proposed findings or

---

(No. 12-1105), includes a submission from Plaintiff that is identified as "petition for full panel rehearing." Thus, it appears that Plaintiff's documents actually were filed, and he therefore could not show that anyone interfered with his right of access to the courts.

recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.